IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. ACTION 10-0044-WS |
| | ) |
| VELETA WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

In April 2011, the Court sentenced the defendant following her plea of guilty to a count of conspiracy to commit tax fraud and a count of conspiracy to commit health care fraud. (Doc. 114). The defendant's sentence included an order to pay restitution to the Internal Revenue Service ("IRS") in the amount of $329,315.00 and to pay restitution to Alabama's Medicaid Fraud Control Unit ("Medicaid") in the amount of $315,575.00. (*Id*. at 5). The defendant did not object to this provision at sentencing, and she did not appeal.

In December 2017, the defendant filed a seven-page motion to reduce restitution. (Doc. 121). The Court denied this motion for failure to assert or prove the existence of exceptional circumstances that could excuse her delay of over six years in seeking such relief. (Doc. 122).

In March 2018, the defendant filed an eighteen-page document asking the Court to "do whatever is in [its] power to grant [her] some type of relief" regarding restitution. (Doc. 123). To the uncertain extent this document could be construed as a motion to reconsider, the Court denied it. (Doc. 124).

In August 2022, the defendant filed an eight-page petition to vacate restitution order and expunge the record. (Doc. 130). After the government filed a nine-page response and the defendant filed a six-page reply, (Docs. 136, 138),

the Court entered an exhaustive sixteen-page order denying the motion. (Doc. 141).

In November 2022, the defendant filed an eleven-page motion to cease collection activities. (Doc. 151). This motion repeatedly quoted and challenged portions of the Court's order denying her motion to vacate restitution, relying on both repetitions of previously presented arguments and evidence and the insertion of new arguments and evidence, which were plainly available to the defendant previously but that she failed to present to the Court before it ruled on her motion to vacate restitution. The Court accordingly construed the motion as one to reconsider and denied it as an impermissible usage of that very limited procedural mechanism. (Doc. 153).

The defendant has now filed a motion for reconsideration of the latter ruling, (Doc. 160), in which she denies that her motion to cease collection activities constituted a motion to reconsider. She acknowledges that the motion included much material from her earlier motions, but she says it also included two new matters that the Court should address. First, she says that the motion to cease collection activities was based on a new argument: that her obligation to make restitution, and the government's authority to collect such restitution, expired upon the conclusion of her supervised release term in 2014. Second, she notes that the body of the motion includes a "reques[t] that the United States provide a full detailed accounting of restitution payments made to date." (Doc. 151 at 11).

In her previous motion, the defendant asked the Court to "vacate the restitution." (Doc. 130 at 8). In her subsequent motion, the defendant asked the Court to declare "that the remaining unpaid restitution be voided/deemed uncollectible." (Doc. 151 at 11). Thus, in both motions the defendant sought relief from the judicially imposed sentence of restitution. The earlier motion sought this relief based on alleged errors in determining the victims and the amount of restitution, while the later motion sought such relief based on alleged time limitations for collecting restitution, but both sought an end to the

defendant's restitution obligation. A defendant is not permitted to present her arguments for relief in a piecemeal fashion, and by failing to seek relief initially based on the passage of time even though that argument was then available to her, the defendant forfeited any right to present such an argument by later motion.

Even had the defendant timely asserted her argument that her restitution obligation expired in 2014, the argument would fail on its merits. As the Court has explained in a contemporaneous order, as a matter of law her obligation to pay restitution survives the expiration of her supervised release term. (Doc. 164 at 3).

The defendant suspects that she is not receiving proper credit against her restitution obligation for restitution payments made by her and her co-defendant, and for tax payments made by the affected employees. Without an accounting, she says, "it is unclear what amount is owed, if any." (Doc. 151 at 11). The Ninth Circuit has held that, in the presence of ambiguity or conflict regarding the balance of a restitution obligation, a criminal defendant "[i]s entitled to an accounting to determine how much he owe[s]," and a court "ha[s] the power to account for the original amount due, and to calculate credits, payments, and the balance owing, if any." *United States v. Carter*, 742 F.3d 440, 445 (9th Cir. 2014).

The judgment ordered the defendant to make all restitution payments to the Clerk of Court, or to the Bureau of Prisons ("BOP") for remittance to the Clerk of Court. (Doc. 114 at 6). The Clerk has received from the defendant and from BOP on her behalf a total of $3,156.66.[1] The co-defendant's restitution liability is joint and several, (*id.*) and the Clerk has received from the defendant, the co-defendant, and BOP a cumulative total of $5,181.66. The Clerk has distributed this amount approximately equally between the victims, in accordance with their respective percentages of the total restitution judgment of $644,890.[2]

---

[1] The defendant has remitted precisely $0.00 to the Clerk since November 2014.

[2] The Court ordered restitution to the IRS in the sum of $329,315.00 and to Medicaid in the sum of $315,575.00. The Clerk has remitted $2,646.04 to the IRS and $2,535.62 to Medicaid.

3

It is plain from this accounting that the defendant's remaining restitution obligation to the state victim is approximately $313,039.38.  Her remaining restitution obligation to the IRS depends on information not in the Court's possession, *viz.*, the amount of tax payments made by the affected employees[3] and the amount of restitution payments made directly to the IRS by the defendant and her co-defendant.[4]  The government is thus **ordered** to file and serve, on or before **January 13, 2023**, an accounting of payments received and credits given the defendant against her restitution obligation.

The Court makes the following points regarding this accounting.  First, the Court expects the government to safeguard the privacy interests of the affected taxpayers and to otherwise comply with all applicable laws, rules, and regulations.  Second, the government is reminded that the judgment waives the accumulation of interest on the restitution amount, (Doc. 114 at 5), even though the IRS may assess interest, fines and/or penalties against the affected taxpayers.

For the reasons set forth above, the defendant's motion for reconsideration is **granted** to the extent the defendant seeks an accounting of payments made and credits given against her restitution obligation and is in all other respects **denied**.

DONE and ORDERED this 9th day of December, 2022.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE

---

[3] *See* 26 U.S.C. § 3402(d) (income taxes wrongly not withheld by the employer but paid by the employee "shall not be collected from the employer").

[4] The defendant suggests she is directly paying the IRS $100 a month through her pending Chapter 11 case.  (Doc. 162 at 2).